IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:25-cv-1285-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER MANNIX, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if, as appears to be the situation here, the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2    ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3    Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See
4    McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5    These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6    and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7    Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8    defendants which support the claims, vague and conclusory allegations fail to satisfy this
9    standard.  Additionally, it is impossible for the Court to conduct the screening required by law
10   when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the complaint, Plaintiff names Ms. Jennifer Mannix, an attorney practicing in California, as the sole defendant. See ECF No. 1, pg. 1.  It is unclear whether Defendant Mannix was a member of a county Public Defender's office, whether she was appointed under a panel program, or whether she was a private counsel retained to defendant Plaintiff.

Plaintiff states that Defendant Mannix used to be his criminal defense attorney, and that Defendant failed to mail Plaintiff an important appeal review decision from court in a timely manner. See id. at 4. Plaintiff claims that he never received the mail at issue from Defendant until July of 2024, which was two years after his review decision was issued. See id. at 5-6. According to Plaintiff, when he finally received the decision from Defendant, the address contained on the front page was incorrect. See id. at 6. Plaintiff claims that he contacted those at the subject address to ask whether they ever received the mail two years ago, but the people from that address answered that no one had mailed them before. See id. Plaintiff contends that Defendant's failure to mail his appeal review decision caused Plaintiff to miss his filing deadlines to seek certiorari and federal habeas corpus relief, constituting a violation of his First Amendment right to access to courts. See id. at 5.

///

## II. DISCUSSION

Plaintiff's complaint, as currently pleaded, is insufficient to state a claim. To state a claim under 42 U.S.C. § 1983, the plaintiff must "(1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). The Court's focus is on the second requirement. In particular, to the extent Defendant was acting as an appointed public defendant, either as a member of a county Public Defender's office or as appointed counsel under a panel program, Plaintiff has not established that Defendant was a state actor. Likewise, to the extent Defendant was a private attorney retained to defend Plaintiff, the complaint does not establish that she conspired with state actors such that she can herself be considered to have acted under color of state law.

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes, because "a public defender is not amenable to administrative direction in the same sense as other employees of the State" and State has a "constitutional obligation [to] respect the professional independence of the public defenders whom it engages." See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk Cnty. v. Dodson, 454 U.S. 312, 320–25 (1981). However, it does not mean that all the public defenders can never act under color of state law. See Polk Cnty., 454 U.S. at 324-25. Where public defenders are performing administrative or investigative functions, they may be acting under color of state law. See Vermont v. Brillon, 556 U.S. 81, 91 (2009); Polk Cnty., 454 U.S. at 324-25; Miranda v. Clark Cnty., Nev., 319 F.3d 465, 469 (9th Cir. 2003). For example, the Supreme Court has found that a public defender is acting under the color of state law for § 1983 purposes when "making hiring and firing decision on behalf of the State." Polk Cnty., 454 U.S. at 324-25.

Generally, "private parties are not acting under color of state law." See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). "[P]rivate parties may act under color of state law when the state significantly involves itself in the private parties' actions and decisionmaking at

issue." Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 753 (9th Cir. 2020), cert. denied, 142 S. Ct. 69 (2021). However, if the plaintiff can show that a private party conspired with state officials to deprive others of constitutional rights, the requirement that the defendant acts under color of state law can be satisfied. See Tower v. Glover, 467 U.S. 914, 920 (1984); Dennis v. Sparks, 449 U.S. 24, 27– 21 2022 28 (1980); Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).

Based on Plaintiff's complaint, Defendant Mannix was his criminal defense attorney who negligently failed to provide Plaintiff with notice of an appeal decision, thereby causing Plaintiff to miss deadlines to seek direct and post-conviction review. Plaintiff alleges this deprived him of his First Amendment right to access to the courts.[1] Plaintiff has not, however, alleged facts to establish that, either acting as appointed counsel or retained private counsel, Defendant was acting under color of state law. Plaintiff will be provided leave to amend to allege additional facts to show, if he can, that Defendant was acting under color of state law when she failed to provide Plaintiff with the appeal decision.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

---

[1] The Court notes that, even if Plaintiff is unable to proceed with this civil rights action against Ms. Mannix, he nonetheless may be able to argue equitable tolling in response to any assertion that a federal habeas petition has been filed beyond the one-year limitations period following conclusion of direct review. In some circumstances, the ineffective assistance of trial counsel, as alleged here with respect to failure to provide notice of an appeal decision, may provide grounds for relief. The Court here expresses no opinion as to whether Plaintiff would be entitled to such relief in the context of a federal habeas petition.

Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 29, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE